UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BEATRICE PARKER,

        Debtor.
_____/

Case No. 07-41263
Chapter 7
Hon. Walter Shapero

### OPINION IN RESPECT TO FINAL FEE APPLICATION OF ATTORNEYS FOR THE TRUSTEE (Docket No. 148)

The attorneys for the trustee ("Movants") have moved for approval of their final fee application in this, a somewhat unusual case. Previously Movants applied for interim fees for the period between May 4, 2007, and May 8, 2010, of $17,117.50 and expenses of $228.06. The August 14, 2010, order that was entered in respect to that application, after a hearing, approved interim compensation in the amount of $11,000.00 and expenses of $228.06, the order containing language about "the Court's concern about the amount of the requested fees in relation to the monetary results of the services performed," and also indicating it was without prejudice to the Court later awarding the full amount requested. The final application before the Court seeks approval as final fees of the same $17,117.50 and expenses of $228.06 that were the subject of the prior application, it being stated in the application that such does not encompass some $3,400 in services since May 8, 2010, by the attorneys for which they are not seeking compensation.

This case was originally filed under chapter 13, but was early on converted to chapter 7. The debtor had listed in her Schedule B what was referred to as a contingent class action claim against a former employer, and had exempted that item. The trustee objected to that exemption and there ensued substantial litigation over that exemption claim and what eventually became funds received

by the debtor in connection with that claim as a result of apparently opting out of the class action and individually settling her claim and personally receiving funds post bankruptcy. Eventually an order was entered initially requiring the debtor to turn over $14,000 of a larger amount. After extensive subsequent hearings, the trustee's objections to the exemption were sustained and orders entered; the eventual result of which the debtor turned over to the trustee the entire amount of the non-exempt funds amounting to some $18,000 or so. The debtor proceeded *in pro per* in this case and associated proceedings since March 5, 2009, when her counsel was permitted to withdraw and the Court was recently advised that the debtor is now deceased. No objections have been filed to the application.

After payment of the noted previously allowed attorney fees, the application states there remains $7,585.68 in the estate and the other administrative expense to be paid is the trustee's fees which will be $2,634.86. After payment of the trustee's fees, there will remain the difference, using those figures, of $4,950.86 available for application to the attorney fees and/or distributions to creditors. The claims register in this case shows a secured claim on an outstanding line of credit of $25,886.74 and a judgment of $55,344.24. The pending fee application acknowledges that the economics of the case are such as make unlikely the payment of all fees sought in the application.

Some 80 to 90% of the time involved in this application is related to the noted vigorous and highly contested proceedings involving the claimed exemptions and obtaining the indicated proceeds for the estate. Movants spent the time involved. The only real question here is whether, or to what extent, the requested fees should be approved, in light of the circumstances.

The Court has an independent duty to review the reasonableness of requested professional fees, even if no objection thereto has been raised. In doing so, the Court should take into account

not only the statutorily articulated 11 U.S.C. § 330(a)(3) factors, and, since those are not exclusive factors, such things as results achieved and benefit to the estate, etc.( i.e., some of the so-called Johnson factors). The Court must then appropriately weigh them to produce the required "reasonable" compensation result.

In this situation the trustee not only was successful in obtaining orders requiring the debtor to turn over the sought after funds, but thereafter, due primarily to the debtor's tenacity and resistance, had to spend considerable time and effort thereafter enforcing those orders and achieving actual turn over of the monies involved. Most, but not all of that, is reflected in the interim fee allowance. To some extent, it can be accurately said the trustee had a a tiger by the tail and it was not clear when, or if, one could or should let go. When that became, or should have become, apparent is difficult to say. The conundrum in such situations is that (a) for the trustee to have abandoned previous successful efforts before actual collection would have amounted to wasting the previous efforts; but (b) the costs of the total efforts end up exceeding the actual recovery. The fact is that the indicated numbers are now such, that if the pending application is fully allowed, there will be nothing available for creditors, and in fact even the administrative costs cannot be paid in full.

The Court has concluded that in light of all of the indicated circumstances and primarily a combination of (a) the substantial amounts allowed for attorney fees in the interim order; (b) the fact that the trustee in the case is a member of the applicant firm and as such will also be receiving trustee's fees related to the services included; and (c) giving important weight to the results achieved and benefits to the estate factors, the Court has concluded that it will only allow final fees and expenses in the amount of those allowed in the interim order, plus $1000 - the latter being the amount the Court estimates are services rendered since the period covered by that order that are

3

reasonably attributable to general administration of the estate exclusive of the exemption/turnover issue. Movants shall prepare and present an appropriate order.

```
Signed on January 30, 2012
                                       /s/ Walter Shapero
                                  Walter Shapero
                                  United States Bankruptcy Judge
```